UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARMEN QUINONES, | : | |
| Plaintiff, | : | No. 5:14-cv-2410 |
| v. | : | |
| | : | |
| LEHIGH VALLEY HEALTH NETWORK, INC., | : | |
| Defendant. | : | |

## MEMORANDUM

Defendant's Motion to Dismiss (In Part), ECF No. 24- Granted in part, Denied in part

**Joseph F. Leeson, Jr.**  September 22, 2015
**United States District Judge**

### I.   INTRODUCTION

Plaintiff brings this suit alleging that she was wrongfully forced out of work on early FMLA[1] leave in her seventh month of pregnancy and was not rehired when she attempted to return to work approximately four months later. Presently before the Court is Defendant's partial Motion to Dismiss. For the reasons set forth herein, Defendant's Motion will be granted in part and denied in part.

### II.   BACKGROUND

On April 25, 2014, Plaintiff filed a complaint, followed by a first and second amended complaint. ECF Nos. 1, 10, 23. In the Second Amended Complaint, Plaintiff alleges that she worked for Defendant as a technical partner for approximately ten years. Sec. Am. Compl., ¶¶

---

[1] Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601.

1

11-12, ECF No. 23. Plaintiff alleges that in July 2012,[2] when she was seven months pregnant, Defendant expressed concern that she was moving slower and ordered her to submit to a medical examination. Id. ¶¶ 13-17. The day after she informed her supervisor that she was medically cleared for work, Plaintiff alleges that she was issued a final warning notice for absences, although she had never received any prior warnings. Id. ¶¶ 19-20. Shortly thereafter, Plaintiff's doctor placed a fifty-pound lifting restriction on her. Id. ¶ 25. Plaintiff alleges that when she advised her supervisor about the restriction, Plaintiff's supervisor told her that she was no longer able to work, forcing Plaintiff on early FMLA-qualifying leave. Id. ¶¶ 25-27. Plaintiff claims that when she attempted to return to work in November 2012, her position had been filled and she was never rehired. Id. ¶¶ 28-36.

In Count I, Plaintiff claims pregnancy / gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e. Sec. Am. Compl. ¶¶ 37-41. Count II asserts interference and retaliation violations of the FMLA. Id. ¶¶ 4-50. Count III alleges pregnancy / gender discrimination in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. § 951. Id. ¶¶ 51-52. For relief, Plaintiff seeks, inter alia, compensatory, punitive, and emotional distress damages. Id. pp. 8-9.

On November 25, 2014, Defendant filed a Motion to Dismiss (In Part) Plaintiff's Second Amended Civil Action Complaint. Def. Mot. Dismiss, ECF No. 24. Defendant asserts that the FMLA count fails to state a claim as a matter of law, or is not plausibly pled. Id. at pp. 5-11. Additionally, Defendant moves, pursuant to Rule 12(f), to strike Plaintiff's demand for

---

[2] The allegations in the Second Amended Complaint mistakenly refer to both 2012 and 2013. See Sec. Am. Compl. ¶¶ 13, 27, 30. However, additional documents in the record clarify that the alleged violations began in July 2012. See, e.g., PHRA Charge of Discrimination, Mot. Dismiss, Ex. A. Furthermore, at a status conference on March 24, 2015, both parties indicated that they were aware that the correct date for Plaintiff's leave is 2012.

compensatory, punitive, and emotional distress damages under the FMLA. Id. at pp. 11-12. Next, Defendant contends that any PHRA claims occurring prior to November 15, 2012, should be dismissed as time-barred. Id. at pp. 12-13. Defendant further asserts that Plaintiff cannot recover punitive damages under the PHRA and moves to strike this request. Id.

In response, Plaintiff argues that she sufficiently pled an FMLA claim and that Defendant is estopped from asserting that she was not entitled to FMLA leave. Pl. Resp. pp. 12-23, ECF No. 27. Next, Plaintiff asserts that based on the continuing violations doctrine, her PHRA claims are not time-barred. Id. pp. 23-25. Plaintiff fails to respond to Defendant's arguments to dismiss the compensatory, punitive, and emotional distress damages request under the FMLA, or the punitive damages request under the PHRA.

On June 5, 2015, Defendant filed a Motion for Summary Judgment as to all claims. Def. Mot. S.J., ECF No. 51. Therein, Defendant once again asserts that the FMLA claim fails as a matter of law and is unsupported by the facts. Id. pp. 5-14.

### III. STANDARD OF REVIEW

#### A. Rule 12(b)(6)

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'


requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).

First, the Court observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id.; Phillips, 515 F.3d at 233 (quoting Twombly, 550 U.S. at 563 n.8). While Rule 8 of the Federal Rules of Civil Procedure, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing Twombly, 550 U.S. at 555)); see Fed. R. Civ. P. 8(a)(2). For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d 224, 232 (citing Twombly, 550 U.S. at 555 n.3).

Second, the Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 678. Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. Phillips, 515 F.3d at 234

(quoting Twombly, 550 U.S. at 555). This is because Rule 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" See id., 515 F.3d at 234 (quoting Fed. R. Civ. P. 8(a)(2)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Detailed factual allegations" are not required, id. at 678 (quoting Twombly, 550 U.S. at 555), but a claim must be "nudged . . . across the line from conceivable to plausible," id. at 680 (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,'" but there must be "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

**B.    Rule 12(f)[3]**

Federal Rule of Civil Procedure 12(f) provides: "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[S]triking a pleading is a drastic remedy to be resorted to only when required for the purposes of justice and should be used sparingly." DeLa Cruz v. Piccari Press, 521 F. Supp.

---

[3] Several courts in this District have treated motions to strike punitive damages as motions to dismiss, applying the 12(b)(6) standard of review. See, e.g., Hills v. Borough of Colwyn, 978 F. Supp. 2d 469, 483 (E.D. Pa. 2013) (Applying the Rule 12(b)(6) standard of review, the Court granted the defendant's "motion to strike punitive damages as to all PHRA claims.").

2d 424, 428-29 (E.D. Pa. 2007) (internal quotations omitted). "The Court has 'considerable discretion' in disposing of a motion to strike under Rule 12(f)." Id. (quoting North Penn Transfer v. Victaulic Co., 859 F. Supp. 154, 159 (E.D. Pa. 1994)). "Motions to strike are to be decided 'on the basis of the pleadings alone.'" Id.

IV.   ANALYSIS

    A.   FMLA Claim

As to the Motion to Dismiss the FMLA claim in Count II, because Defendant's pending Motion for Summary Judgment includes this claim, the Motion to Dismiss is denied as moot in this regard. See L.H. v. Pittston Area Sch. Dist., No. 3:13-0788, 2015 U.S. Dist. LEXIS 120221, at *3 (M.D. Pa. Sept. 10, 2015) (determining that because the defendants filed motions for summary judgment prior to the court considering the defendants' motions to dismiss, the motions to dismiss were moot).

    B.   PHRA Claim

Defendant argues that any PHRA claims based on discrete discriminatory acts occurring more than 180 days prior to May 14, 2013, which is when Plaintiff filed her EEOC[4] complaint and cross-filed with the Pennsylvania Human Relations Commission ("PHRC"), are time-barred. See 43 P.S. § 959(h) ("Any complaint filed pursuant to this section must be so filed within one hundred eighty days after the alleged act of discrimination, unless otherwise required by the Fair Housing Act."). Defendant highlights that in support of the PHRA count, Plaintiff alleges that she "suffered 3 separate adverse actions for which she seeks relief herein: (a) being forced out of work on an involuntary leave; (b) for being terminated from Defendant; and (c) for not being

---

[4] Equal Employment Opportunity Commission ("EEOC").

reinstated and/or rehired by Defendant for available jobs upon ending her maternity leave other than her prior job." Sec. Am. Compl. ¶¶ 39, 51-52. Defendant contends that because Plaintiff alleges that she was forced out of work involuntarily on leave around July 2012, this claim is time barred under the PHRA. Additionally, Defendant asserts that to the extent any discrete acts regarding which Plaintiff was "terminated," "not reinstated," or "not rehired" took place prior to November 15, 2012, they are time-barred.

Plaintiff responds that any of Defendant's discriminatory acts occurring outside the 180-day period are actionable because they were part of a continuing violation that continued into the filing period. Plaintiff asserts that she has shown that at least one discriminatory act, Defendant's termination of her and failure to rehire, occurred within the filing period. See West v. Philadelphia Elec. Co., 45 F.3d 744, 754-55 (3d Cir. 1995) (holding that to establish that a claim falls within the continuing violations theory, the plaintiff must, first, demonstrate that at least one act occurred within the filing period). Next, Plaintiff argues that Defendant's discriminatory acts of forcing her onto early leave in July were part of the same type of pregnancy discrimination, all of which occurred over the matter of a few months, and that while preventing her from working due to her pregnancy was a discriminatory act on its own, Plaintiff asserts there was no way for her to know that Defendant would ultimately force her out of work permanently due to her pregnancy. See Rush v. Scott Specialty Gases, 113 F.3d 476, 482 (3d Cir. 1997) (concluding that the court, in determining whether the plaintiff has demonstrated a continuing violation, should consider whether the alleged acts involve the same type of discrimination, their frequency, and the degree of permanence).

"To bring suit under the PHRA, a plaintiff must first have filed an administrative complaint with the PHRC within 180 days of the alleged act of discrimination." Woodson v.

Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1996) (citing 43 Pa. C.S. §§ 959(a), 962). "The Pennsylvania courts have strictly interpreted this requirement, and have repeatedly held that persons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act." Id. (internal quotations omitted).

"To prove a continuing violation, a plaintiff must establish that: (1) at least one discriminatory act occurred within the filing period; and (2) the harassment was more than isolated, sporadic acts of intentional discrimination." Fusco v. Bucks County, No. 08-2082, 2009 U.S. Dist. LEXIS 118924, at *20 (E.D. Pa. Dec. 18, 2009) (stating that in making "this evaluation, courts generally consider the subject matter, frequency, and permanence of the discriminatory conduct"). "Even under the continuing violation theory, however, the statutory clock begins to run at the time that the plaintiff becomes aware, or should have become aware, that her rights had been violated." Cronin v. Martindale Andres & Co., 159 F. Supp. 2d 1, 5 (E.D. Pa. 2001). The United States Supreme Court holds that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." AMTRAK v. Morgan, 536 U.S. 101, 113 (2002) (distinguishing between conduct that occurs repeatedly and may not in itself be actionable from discrete acts of discrimination that constitute a separate actionable unlawful employment practice); O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006) ("Morgan established a bright-line distinction between discrete acts, which are individually actionable, and acts which are not individually actionable but may be aggregated to make out a hostile work environment claim.").[5]

---

[5] Ingram v. Vanguard Group, Inc., No. 14-3674, 2015 U.S. Dist. LEXIS 93016, at *30 n.13 (E.D. Pa. July 17, 2015) ("Although the U.S. Supreme Court in Morgan only addressed Title VII, its

Here, Plaintiff alleges three discrete discretionary acts: forced leave; refusal to rehire; and termination. See O'Connor, 440 F.3d at 127 (providing a non-exhaustive list of "discrete acts," including termination, refusal to hire, and wrongful suspension); Sec. Am. Compl. ¶ 39. Accordingly, "the continuing violation doctrine has no applicability." Aubrey v. City of Bethlehem, No. 10-1604, 2011 U.S. Dist. LEXIS 18406, at *22 (E.D. Pa. Feb. 22, 2011). Plaintiff's PHRA claims in Count III arising from her alleged forced early leave in July 2012, and any other discrete acts occurring prior to November 15, 2012, are dismissed as time-barred.

**C.     Damages**

Defendant argues that Plaintiff cannot recover compensatory, punitive, and emotional distress damages under the FMLA, nor punitive damages under the PHRA. Plaintiff fails to respond to this argument. See Nelson v. DeVry, Inc., No. 10-1604, 2009 U.S. Dist. LEXIS 38161, at *35-36 (E.D. Pa. Apr. 23, 2009) ("Failure to address even part of a motion in a responsive brief may result in that aspect of the motion being treated as unopposed.").

"An employer who violates the FMLA is liable to an employee in damages equal to the amount of 'any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation.'" Howard v. Pa. Dep't of Pub. Welfare, No. 11-1938, 2011 U.S. Dist. LEXIS 127653, at *18 (E.D. Pa. Nov. 3, 2011) (quoting 29 U.S.C. § 2617 (a)(1)(A)(i)(I) (2011)). However, a plaintiff "is not entitled to recover damages for emotional distress or for pain and suffering under the FMLA." Id. at *19. Additionally, "Courts within the Third Circuit have repeatedly interpreted the FMLA to disallow claims for punitive damages." Freeman v. Phila. Hous. Auth., No. 12-1422, 2012 U.S. Dist. LEXIS 112031, at *30-31 (E.D. Pa. Aug. 8, 2012).

---

analysis regarding the statute of limitations for filing an administrative charge is also applicable to the PHRA and the ADEA.").

Accordingly, the motion to strike Plaintiff's request for punitive damages and emotional distress damages under Count II is granted. See Najmola v. Women's Healthcare Group of Pa., No. 13-6519, 2014 U.S. Dist. LEXIS 101583, at *23-24 (E.D. Pa. July 24, 2014) ("Compensatory damages for pain and suffering are also not available under the ... FMLA."). Plaintiff's demand for punitive damages in Count III will also be stricken. See id. (dismissing the plaintiff's claim for punitive damages under the PHRA); Sample v. Keystone Mercy Health Plan, No. 12-3188, 2012 U.S. Dist. LEXIS 158725, at *13-14 (E.D. Pa. Nov. 5, 2012) (striking the plaintiff's claim for punitive damages pursuant to the PHRA).

## V. CONCLUSION

Defendant's pending Motion for Summary Judgment encompasses the FMLA claim; therefore, the Motion to Dismiss Count II is denied as moot.

Plaintiff's PHRA claims in Count III arising from her alleged forced early leave in July 2012, and any other discrete acts occurring prior to November 15, 2012, are dismissed as time-barred.

Plaintiff's request for punitive damages and emotional distress damages under Count II is stricken, as is Plaintiff's request for punitive damages in Count III.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge